## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

EDGAR ZUNIGA-MEJIA,

      Plaintiff,

v.                                             Case No.  5:22-cv-86-TKW-MJF

JEFF THOMAS, *et al*.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This civil rights case, filed under 42 U.S.C. § 1983, is before the court on referral from the clerk of the court. For the reasons stated below, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with the statutory filing fee requirement, the Local Rules, and court orders.[1]

### I. BACKGROUND

Plaintiff is a Florida prisoner confined at the Desoto Correctional Institution. Plaintiff commenced this civil rights action on May 5, 2022, by filing a *pro se* complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff's complaint names four

_____

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Defendants: Warden Jeff Thomas, Dentist Filipezack, Captain Bower, and Correctional Officer Beard. Plaintiff claims that the Defendants violated his First-Amendment rights in July 2019, when Filipezack, Bower and Beard began a "campaign of harassment" against Plaintiff in retaliation for his filing grievances concerning a tooth extraction Dr. Filipezack performed. Doc. 1. Plaintiff's complaint was not accompanied by the $402.00 filing and administrative fees, or an application for leave to proceed *in forma pauperis*.

As required by federal statutes and the Local Rules for Northern District of Florida, the undersigned issued an order on May 10, 2022, requiring Plaintiff to pay the $402.00 filing and administrative fees, or file a complete application for leave to proceed *in forma pauperis* on the Northern District form. Doc. 3. The court set a compliance deadline of June 9, 2022, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. The clerk of the court mailed Plaintiff the required Northern District form for applying to *proceed in forma pauperis*. *See* Doc. 3 (Docket Text).

Plaintiff failed to comply with the order. Accordingly on June 24, 2022, the undersigned issued an order requiring Plaintiff to show cause why this case should not be dismissed. Doc. 5. Specifically, the order directed Plaintiff:

> **On or before JULY 8, 2022,** Plaintiff shall show cause why this case should not be dismissed for failure to prosecute, failure to pay the

Page 2 of 11

filing fee or properly seek leave to proceed *in forma pauperis*, and failure to comply with this court's order. Plaintiff's response must be accompanied by the following:

    a.    payment in the amount of $402.00, **or**

    b.    a complete application for leave to proceed *in forma pauperis.*

Doc. 5. The order warned Plaintiff, again, that failure to comply with court orders likely would result in the dismissal of this case. *Id*. at 2.

Plaintiff filed a response to the show-cause order. Doc. 6. In his response, Plaintiff: (1) insisted that he filed a complete application for leave to proceed *in forma pauperis* when he initiated this case; (2) objected to the undersigned requiring him to file a motion and supporting affidavit; and (3) advised the court that he submitted two requests to prison officials for an account printout in May, but the requests were returned without a printout. *Id.* at 1-2 & Exs. B, C.

On June 30, 2022, the undersigned overruled Plaintiff's objections. Doc. 7. Concerning Plaintiff's allegation about his account printout, the court advised Plaintiff: "[I]f Plaintiff still has not received a response, he should submit another request, ensuring that he follows the proper prison procedure. Plaintiff may attach a copy of this order to his request as evidence that he has a court deadline." *Id*. at 3-4. The court extended Plaintiff's compliance deadline to August 1, 2022, and warned Plaintiff, again, that failure to comply with the order likely would result in dismissal

Page 3 of 11

of this case for failure to prosecute, failure to comply with orders of this court, and

failure to pay the filing fee or properly move for leave to proceed *in forma pauperis.*

*Id*. at 4. The clerk of the court, again, mailed Plaintiff the required form for applying

for leave to proceed *in forma pauperis*. *See* Doc. 7 (Docket Text).

 To date, Plaintiff has not complied with this court's orders. Instead, Plaintiff

has filed another "Response." Doc. 8. Plaintiff's response, again, maintains that he

filed a motion for leave to proceed *in forma pauperis* in this case *Id*. at 1. Plaintiff

also argues that the undersigned has "prejudice[d]" him by applying the filing fee

requirement to this case. Plaintiff explains, in relevant part:

> Plaintiff filed the same civil rights complaint against the same defendant, case no.: 5:20-cv-0284-rv-mjf. After the Plaintiff paid the filing fee, #350 dollars, this Court on March 15, 2020 dismissed the case without prejudice. This Court prejudice the plaintiff to pay again for the same claim is unfair and prejudicial when the plaintiff already paid $350 dollars in case 5:20-cv-0284-rv-mjf, which this Court dismissed without prejudice. Now the Court wants the plaintiff to pay more money $402 dollars for the same claim against the same defendants.

*Id*. at 2. Plaintiff maintains that "this Court is prosecuteing [sic] the plaintiff just for

plaintiff trying to find some justice for a better medical treatment." *Id*. at 2-3.

Plaintiff asks this Court "to make its ruling so the plaintiff can proceed to higher

court." *Id*. at 3.

The court takes judicial notice of Plaintiff's prior case: *Zuniga-Mejia v. Filipezack*, No. 5:20-cv-00284-RV-MJF. Plaintiff filed that civil rights case on October 19, 2020. *See* No. 5:20-cv-00284-RV-MJF, Doc. 1 (N.D. Fla. Oct. 19, 2020). The undersigned granted Plaintiff leave to proceed *in forma pauperis* and did not assess an initial partial filing fee. *See* No. 5:20-cv-00284-RV-MJF, Doc. 2 (N.D. Fla. Nov. 20, 2020). On April 21, 2021, the case was dismissed as malicious for Plaintiff's abuse of the judicial process. *See* No. 5:20-cv-00284-RV-MJF, Doc. 9 (N.D. Fla. Apr. 21, 2021). Specifically, Plaintiff failed to disclose completely and honestly his litigation history. Plaintiff has made no filing fee payments in that case.

Plaintiff appears to be referring to another prior case: *Zuniga-Mejia v. Filipezack*, No. 5:20-cv-00258-RV-MJF. Plaintiff filed that civil rights case on September 30, 2020. *See* No. 5:20-cv-00258-RV-MJF, Doc. 1 (N.D. Fla. Sept. 30, 2020). The undersigned granted Plaintiff leave to proceed *in forma pauperis* and did not assess an initial partial filing fee. *See* No. 5:20-cv-00258-RV-MJF, Doc. 5 (N.D. Fla. Oct. 22, 2020). On April 21, 2021, the case was dismissed as malicious for Plaintiff's abuse of the judicial process. *See* No. 5:20-cv-00258-RV-MJF, Doc. 11 (N.D. Fla. Apr. 21, 2021). Specifically, Plaintiff failed to disclose completely and honestly his litigation history. Plaintiff has satisfied his filing fee obligation in that case.

## II.  Filing Fee Requirement

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Rule 5.3 of the Local Rules for the Northern District of Florida provides that: "A party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914, or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3.

Title 28 United States Code § 1914, states that: "The clerk of each district court *shall require the parties instituting any civil action, suit or proceeding* in such court, whether by original process, removal or otherwise, to pay a filing fee of $350" and any "additional fees [that] are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b) (emphases added). The Judicial Conference of the United States prescribes a $52.00 administrative fee "for filing a civil action, suit, or proceeding in a district court." 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees) (2020).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). The PLRA requires that, "if a prisoner *brings* a civil action . . ., the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)

(emphasis added). The PLRA, "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002).

The plain language of 28 U.S.C. § 1914 states that the fee is for instituting, or filing, a civil action. And the PLRA requires prisoner-litigants to pay the full filing fee each time they "bring" a new civil action or lawsuit. 28 U.S.C. § 1915(b)(1). The word "bring," as used in the PLRA, means "to commence or start a lawsuit." *See Harris*, 216 F.3d at 973, 981 (interpreting the word "brought," a derivative of the verb "bring," as used in 42 U.S.C. § 1997e(e) (the PLRA provision limiting the recovery of certain types of damages) to mean "to commence" a lawsuit); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (interpreting the word "brought," as used in 42 U.S.C. § 1997e(a) (the PLRA's exhaustion requirement) to mean the "filing" of the lawsuit).

The filing fee requirement deters the filing of frivolous and malicious lawsuits. *See In re Anderson*, 511 U.S. 364, 365-66 (1994) (noting that "filing fees and attorney's fees . . . deter . . . litigants from filing frivolous petitions") (internal citation omitted); *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996) (stating that Congress's objective in enacting the PLRA was to "mak[e] all prisoners seeking to

bring lawsuits or appeals feel the deterrent effect created by liability for filing fees");

*Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009) (discussing analogous

docketing fees for filing an appeal). There is no exception or waiver provision—in

statute or court rule—when a prisoner is re-filing a claim that was dismissed without

prejudice in a prior case. *See Boran v. United Migrant Opportunity Servs., Inc.*, 99

F. App'x 64, 67 (7th Cir. 2004) ("[A]fter a dismissal without prejudice, the plaintiff

must commence a new suit and pay a filing fee.").

### III. THE DISTRICT COURT'S AUTHORITY TO DISMISS ACTIONS

Local Rule 41.1 authorizes the court to dismiss an action, or any claim within

it, "[i]f a party fails to comply with an applicable rule or a court order." N.D. Fla.

Loc. R. 41.1. Local Rule 41.1 is consistent with Federal Rule of Civil Procedure

41(b), and embodies the court's inherent authority to dismiss a case *sua sponte* when

the plaintiff fails to comply with a court rule of procedure or a court order. *See Hanna*

*v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) ("Under the Federal Rules of

Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with

procedural rules or a court order. Fed. R. Civ. P. 41(b). A federal district court has

the inherent power to dismiss a case *sua sponte* under Rule 41(b)." (citing *Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991))). The federal courts have long

recognized this inherent authority:

>Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782, 135 L. Ed. 2d 102 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

*Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Wilson*, 313 F.3d at 1320, 1321 (a court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure).

Plaintiff failed to pay the filing fee—or move for leave to proceed *in forma pauperis*—as required by 28 U.S.C. §§ 1914, 1915, and Local Rule 5.3. Plaintiff also repeatedly failed to comply with this court's orders. Plaintiff did so despite this court repeatedly providing him with the necessary forms, repeatedly providing detailed directions to assist him in complying with this court's orders, and repeatedly warning Plaintiff that failure to pay the filing fee—or file a complete application for leave to proceed *in forma pauperis*—likely would result in this case being dismissed.

This court has provided Plaintiff over three months to comply with a fixed, straightforward requirement that applies to every litigant who files a new case.

Plaintiff's failure to comply is willful. Plaintiff's responses acknowledge that he received the court's orders and enclosed forms. Plaintiff's recent "Response," Doc. 8, confirms that he does not intend to pay, or incur, another filing fee obligation.

## IV. Conclusion

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1.     This action be **DISMISSED** without prejudice for Plaintiff's willful failure to comply with the filing fee and *in forma pauperis* statutes, court procedural rules, and court orders.

2.     The clerk of court be directed to close this case file.

At Panama City, Florida, this 9th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**